SortxBPPi, J. (concurring).
We are fundamentally opposed to a general application of the “ danger invites rescue ” doctrine to cases bottomed on the theory of breach of warranty for we envision a myriad of situations where the application of the doctrine would result in unjustified liability to manufacturers. Because, however, of the peculiar factual setting presented herein, i.e., the plaintiffs rescuers being part of a team of workers all similarly situated in a common effort, we would limit the doctrine’s application in breach of warranty only to those eases evidencing the great moral obligation present in the case at bar. In our opinion, the application of the rescue doctrine in breach of warranty cases is too wide open to abuse. Moreover, the onrushing attempt to eliminate all distinctions between breach of warranty and negligence liability has already gone too far. As was stated recently by the Court of Appeals, Division 2, of Arizona: “ As to the argument that, inasmuch-as-we-have-gone-this-far-we-might-as-well-go-one-step-further, we see no end to this type of rationalization, if it can be dignified by such a label. Once liability is to be imposed without fault, there are no limitations, except one’s sense of social justice, which varies from individual to individual and from generation to generation. Surely the pure consideration of what is good for society cannot be the guiding star of the judiciary, else we will have but two branches of government instead of three. This court declines to join the crowd rushing through the breaches made in the ramparts of the citadel of liability based upon fault.” (Caruth v. Mariani, 458 P. 2d 371, 375.)
Accordingly, we concur in result only.
*467 Chief Judge Fuld and Judges Bbegan, Breitel and Gibson concur with Judge Jasen ; Judge Scileppi concurs in result only in an opinion in which Judge Burke concurs.
Order and judgment affirmed, with costs.